10-1961 MEJ

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (CAND Rev 1/10)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Kemp, Henry (pro se)

### DEFENDANTS
Regents of University of California, University of California, UC-San Francisco, UCSF Medical Library, UCSF Police Dept., et.al.

(b) County of Residence of First Listed Plaintiff (EXCEPT IN U.S. PLAINTIFF CASES)
San Francisco

County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY): Alameda
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Henry Kemp
P.O. Box 14452
San Francisco, CA 94114  (415)-230-1274

Attorneys (If Known)
Claudia Leed, Esq
Stubbs, Leone
2175 N. California Blvd. #900
Walnut Creek, CA 94596  (925) 974-8600

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(omitted – no boxes checked)

## IV. NATURE OF SUIT (Place an "X" in One Box Only)
CIVIL RIGHTS: [X] 446 Amer. w/Disabilities – Other

## V. ORIGIN (Place an "X" in One Box Only)
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: Americans With Disabilities Act of 1990; Americans With Disabilities Amendment Act of 2008
Brief description of cause: Assisted Exclusion from, denial of service in, punitive false arrest in UCSF Medical Library

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ undetermined compensatory + punitive damages
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".
Henry Kemp vs Regents of Univ. of Cal. – Judge Hamilton

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE   [ ] EUREKA

DATE: April 28, 2010
SIGNATURE OF ATTORNEY OF RECORD: Henry Kemp

Henry Kemp
P.O. Box 14452
San Francisco, CA 94114
(415) 230-1274 (voice mail)

Plaintiff, pro se

*Original*

**FILED**
MAY - 3 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**MEJ**

HENRY KEMP,

CV 10    1961

PLAINTIFF          Case No. _____

COMPLAINT

VS.

DEMAND FOR JURY TRIAL

REGENTS OF THE UNIVERSITY OF CALIFORNIA,
UNIVERSITY OF CALIFORNIA, UC-SAN FRANCISCO,
UCSF MEDICAL LIBRARY, UCSF POLICE DEPT., et. al.,
                    DEFENDANTS

1. **Jurisdiction.** This court has jurisdiction over this complaint because it arises under the laws of the United States.

2. **Venue.** Venue is appropriate in this court because both of the defendants reside in this district, and a substantial amount of the acts and omissions giving rise to this lawsuit occurred in this district.

3. **Intradistrict Assignment.** This lawsuit should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which give rise to this lawsuit occurred in Marin County.

1


REC.
5-7-10

4. Comes now Henry Kemp, plaintiff pro se, a homeless person, mentally disabled by conditions of hyper-accusivity to distractive noise, agitated depression and bi-polar syndrome, thereof diagnosed and a recipient of Supplemental Security Income (SSI) assistance, who has been repeatedly denied non-discriminatory access of and equal opportunity to enjoy, benefit from and improve himself by normal, mandated, quiet use of the University of California-San Francisco Medical Library, a covered ADA entity. Plaintiff, a ADA qualified individual, is disabled according to the definition of such condition by the Americans With Disabilities Act of 1990 and the ADA Amendments Act of 2008. Plaintiff is disabled by "a mental impairment that substantially limits a major life activity", to wit, his engagement in "learning, reading, concentrating, thinking, communicating and working" per the ADAAA.

5. On May 3, 2007, plaintiff moved from the library's fifth floor Asian Reading Room, where medical Students were discussing their studies, to the mandated absolute silence fourth floor Browsing Room in search of quiet. The entire fourth floor, and especially the Browsing Room, are posted with signs mandating absolute silent study and the prohibition of noise from conversation, cell phones and laptop computer usage. There seated, plaintiff's reading, concentration and thought were soon disturbed and prevented by two young, male business students noisily banging and clattering their computers and loudly talking, oblivious to the prohibitive signage just above their table.

6. Polite admonishment of the violators and indication of the regulations signage caused a rude, disparaging and arrogant response of "you're homeless!", "you're always here!" and "shut up!" So confronted and outnumbered, plaintiff announced that he would seek staff assistance and walked downstairs with the two malefactors following closely. Head clerk Andres Panado responded to plaintiff's civil plea for help by summoning UCSF police instead of enforcing library rules. No assistance was offered to plaintiff who was known to be mentally challenged by noise and lack of quiet.

7. Ofr. Veloro and his partner immediately ordered plaintiff to recover his belongings and exit the building and were unwilling to hear his explanation of events. Plaintiff immediately complied,

expeditiously leading them to his bags, still in the Asian Room, all the while civilly trying to explain his responsible behavior and right to quiet. Ofr. Veloro threatened plaintiff's arrest as he continued to explain matters and particularly upon being shown the signage as all descended open, sun-lit stairs toward the exit floor.

8. Passing outward through the exit gate, only a yard from outside, without halting, exasperated plaintiff, hands bag-laden, remarked to smirking Clerk Panado, behind a wide countertop, "What are you smiling about?" Immediately, Ofr. Veloro seized plaintiff, brutally forced him to the ground, arrested, charged him and transported him to jail. Plaintiff dared not return to library fearing more violence and further arrest. He remains worried, fearful and emotionally disturbed by all events and the strain of self-representation in the courts while pursuing justice.

9. On June 29, once in court, unfounded resisting arrest and trespass charges were dismissed quickly and the judge's two months' old stayaway order was vacated. On August 4, plaintiff informed, in person, the police office of his intention to reenter the library, showing the judge's signed vacating order. He was told that the court's stay away order yet existed electronically and was ordered away, but was told the discrepancy would be rectified by staff at the courts in one week.

10. Months later, on October 1, plaintiff entered the library, was soon again ordered out, arrested and jailed by Ofr. Tilis, charged with stayaway violation, all per Lt. Huang's orders, despite the dispatcher's instantaneous information to both that no stayaway was then on the definitive CA CLETS system. Only at jail, was the lieutenant's order rescinded and plaintiff released.

11. Plaintiff maintains that in both instances of arrest, and in the library staff's previous practice of repeatedly minimizing, ignoring and deprecating plaintiff's requests for help, he, an obviously nervous, sometimes mentally agitated and emotionally disabled person has been purposefully penalized, discriminated against and his ADA rights violated. Indeed, he had been instructed not to confront noisy rule breakers and to seek staff assistance with such disturbances, but upon so complying was twice arrested without reasonable suspicion or probable cause, jailed, charged falsely and effectively excluded

until today.

12. Therefore, plaintiff does pray, because of these two egregious and other previous violations of the responsible plaintiff's ADA Title II, Title III and ADAAA rights, that injunctive relief against such practices be ordered and that commensurate compensatory and punitive damages be awarded to plaintiff along with attorney's fees. Plaintiff humbly demands a jury trial if a settlement between the parties should prove to be impossible.

Respectfully,

*Henry Kemp*

Dated: April 28, 2010                                              Henry Kemp, plaintiff pro se